UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LIZBETH AGUIRRE and JORGE AGUIRRE, | ) ) ) | |
| Plaintiffs, | ) ) | 3:11-0225 |
| | ) | No. ~~3:01-0225~~ |
| vs. | ) ) | JURY DEMAND |
| | ) | Judge Trauger |
| MITSUBISHI MOTORS NORTH AMERICA, INC. and MITSUBISHI MOTORS CORPORATION | ) ) ) | |
| Defendants. | | |

## ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

I. <u>Jurisdiction and Venue</u>

Jurisdiction is based on 28 U.S.C. 1332, diversity of citizenship and amount in controversy, and is not disputed.

Venue is proper in this court pursuant to 28 U.S.C. § 1391 and, based on the averments of Plaintiffs' complaint, is not disputed.

II. <u>Parties' Theories of the Case</u>

1. <u>Plaintiffs' Theory of the Case</u>

Plaintiffs contend that in 2003 the Defendants manufactured and distributed the Mitsubishi Eclipse. Plaintiffs contend that on March 29, 2010 the subject 2003 Mitsubishi Eclipse was in substantially the same condition as it was at the time it was placed in to the stream of commerce. The 2003 Mitsubishi Eclipse was being used as intended and in a manner reasonably foreseeable to Defendants. At the time of the Plaintiffs' accident, the 2003 Mitsubishi Eclipse failed to protect Plaintiff Lizbeth Aguirre from receiving serious and permanent bodily injuries.

Plaintiffs contend that the 2003 Mitsubishi Eclipse was manufactured and distributed in a defective condition and that it was unreasonably dangerous and that the manufacturers failed to design the vehicle to be safe in the type of impact experienced by Plaintiff. The manufactures failed to design the 2003 Mitsubishi Eclipse so that the occupants of the vehicle would be safe under normal circumstances and failed to design it to be safe in foreseeable accidents. The manufacturers failed to design the 2003 Mitsubishi Eclipse to protect the Plaintiff from injury during side impact collisions. The Plaintiffs contend that the Defendants are strictly liable for the damages to the Plaintiff as a result of the manufacture and distribution of this vehicle purchased by the Plaintiff. The Plaintiffs contend that the body crush resistance and/or door strength of the 2003 Mitsubishi Eclipse failed to meet the consumer expectation test and that it is defective and unsafe for its intended purpose and the manufacturer failed to give warnings and/or instructions as to the use of said product to prevent it from being unreasonably dangerous and unsafe. They failed to provide reasonable safety devices to protect occupants during use of said product. They failed to recall, retrofit or did not properly retrofit the 2003 Mitsubishi Eclipse and an adequate occupant restraint system, including side-curtain airbags.

Plaintiffs claim Strict Liability in Tort, Negligence, Punitive Damages, Loss of Consortium, and Compensatory damages from all defendants.

2. <u>Defendants Theory of the Case</u>

Defendants' investigation into the allegations raised in the Complaint is not complete, and it would be premature at this time to attempt to describe in detail Defendants' defenses to the factual assertions made by Plaintiffs. Defendants will supplement their theories in the pretrial order and as required by the Federal Rules of Civil Procedure and the Local Rules.

Defendants deny that the 2003 Mitsubishi Eclipse was in a defective or unreasonably dangerous condition when it left their control. Defendants rely on all applicable defenses afforded

them under the Tennessee Products Liability Act of 1978, Tenn. Code Ann. § 29-28-101, *et seq*.

Defendants assert that the 2003 Mitsubishi Eclipse described in the Complaint was designed, manufactured and assembled in accordance with all applicable federal and state governmental regulations and standards including the Federal Motor Vehicle Safety Standards, 49 C.F.R. § 571.101, *et seq*. Defendants rely on the rebuttable presumption non-defectiveness affored by virtue of the Eclipse's compliance with all applicable government standards, Tenn. Code Ann. § 29-28-104.

Defendants aver that when the 2003 Mitsubishi Eclipse was designed, manufactured and sold, it conformed with the state of scientific and technological knowledge available to its manufacturer. Defendants rely upon the customary designs, methods, standards and techniques of manufacturing, testing, warning and inspecting used by other manufacturers of similar products. Defendants assert that the 2003 Mitsubishi Eclipse referred to in the Complaint was reasonably safe and therefore not defective, and Defendants rely on the defenses afforded by Tenn. Code Ann. § 29-28-105.

Defendants rely upon the defense of comparative fault, including but not limited to the failure of Robert Keals to obey a traffic control signal in violation of Tenn. Code Ann. § 55-8-109.

Defendants rely on the defenses of misuse, alteration, change, improper maintenance, abnormal use and/or failure to follow proper instructions and warnings, if proven applicable by investigation and discovery.

Defendants rely on all applicable statutes of limitation, including, without limitation, Tenn. Code Ann. §§ 28-3-104 and 29-28-103, if proven applicable by investigation and discovery.

Defendants assert all defenses afforded by Tenn. Code Ann. § 55-9-604, as amended, if proven applicable by investigation and discovery.

III.     Issues Resolved

Jurisdiction, venue

IV. Issues Still in Dispute

Liability, damages

V. <u>Schedule of Pretrial Proceedings</u>

A. <u>Mandatory Initial Rule 26(a)(1) Disclosures</u>.

The parties shall make their Federal Rule of Civil Procedure 26(a)(1)(A) through (E) disclosures within fourteen (14) days from the date of the Initial Case Management Conference

Discovery: Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 33.01 (b) is followed to allow 25 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger. The response time for all written discovery and requests for admissions is thirty (30) days. All factual discovery shall be completed by the close of business on March 20, 2012. All written discovery shall be submitted in sufficient time so that the responses shall be in hand by November 20, 2012. The parties have not reached agreement on how to conduct electronic discovery in this case. Therefore, the default standard contained in Administrative Order No. 174 shall apply to this case until such time as the parties reach agreement on other standards.

<u>Joint Mediation Report</u>: The parties shall file a joint mediation report no later than May 1, 2012.

<u>Dispositive Motions</u>: Briefs shall not exceed 20 pages for dispositive motions filed. No motion for partial partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the

parties, counsel and the court. All dispositive and *Daubert* motions[1] shall be filed by the close of business on June 29, 2012, and any response thereto shall be filed by the close of business on July 20, 2012. Any reply shall be filed by the close of business on August 3, 2012.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

By the close of business on March 20, 2012, the plaintiffs shall declare to the defendants (<u>not</u> to file with the court) the identity of their expert witnesses and provide all the information specified in Federal Rule of Civil Procedure 26(a)(2)(B)

By the close of business on April 28, 2012 the defendants shall declare to the plaintiffs (<u>not</u> to file with the court) the identity of their expert witnesses and provide all the information specified in Federal Rule of Civil Procedure 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on April 28, 2012. There shall not be any rebuttal expert witnesses.

All expert witness depositions shall be completed by May 31, 2012.

Local Rule 39.01(c)(6) (effective June 1, 2006) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so ORDERED this the 26th day of May, 2011.

_____
Judge Trauger
United States District Judge

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages.
[2] Strict compliance is required to Local Rule of Court 56.01 relating to motions for summary judgment.

APPROVED FOR ENTRY:

/s/ Blair P. Durham
Blair P. Durham
Attorney for Plaintiffs

/s/Ryan N. Clark
Ryan Clark
Attorney for Defendants