UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LIZBETH AGUIRRE and JORGE ALVAREZ, )
)
    Plaintiffs, )
)
v. ) Case No. 3:11-cv-00225
) Judge Aleta A. Trauger
MITSUBISHI MOTORS NORTH AMERICA, )
INC. and MITSUBISHI MOTORS )
CORPORATION, )
)
    Defendants. )

## MEMORANDUM

Defendants Mitsubishi Motors North America, Inc. and Mitsubishi Motors Corporation (collectively "Mitsubishi") have filed a Motion for Partial Summary Judgment (Docket No. 55), to which the plaintiffs, Lizbeth Aguirre and Jorge Alvarez, filed a Response in opposition (Docket No. 63), and Mitsubishi filed a Reply (Docket No. 68).[1]  For the reasons stated herein, the Motion for Partial Summary Judgment will be denied, subject to several conditions described herein.

## BACKGROUND

The basic background facts are set forth in the court's previous Memorandum concerning challenges to certain experts retained by the plaintiffs.  *Aguirre v. Mitsubishi Motors N. Am.,*

---

[1] In support of the Motion for Partial Summary Judgment, Mitsubishi filed a Memorandum of Law (Docket No. 56) and a Statement of Undisputed Facts (Docket No. 57).  In support of their Response in opposition, the plaintiffs filed a Response to the Defendants' Statement of Undisputed and Plaintiffs' Additional Facts (Docket No. 64), and two Appendices with attached exhibits (Docket Nos. 65 (Exs. A-P) and 66 (Ex. Q)).  In support of its Reply, Mitsubishi filed a Reply Statement to Plaintiffs' Additional Facts (Docket No. 67).

1

*Inc.*, No. 3:11-cv-00225, 2012 WL 4506009, at *1-*3 (M.D. Tenn. Sept. 28, 2012) [Docket No. 60 in this case].  Briefly, while Aguirre was making a left turn at an intersection in her 2003 Mitsubishi Eclipse, a drunk driver ran a red light and crashed into the side of her car.  Her car did not contain a side airbag, which, at the time, Mitsubishi only offered as *optional* equipment. The lateral impact from the crash caused Aguirre to suffer serious pelvic and abdominal injuries. The plaintiffs allege, *inter alia*, that the 2003 Eclipse was defectively designed because a side airbag was not a standard (*i.e.*, non-optional) safety feature and that, had Aguirre's Eclipse been equipped with a side airbag, Aguirre's injuries would have been mitigated substantially.

Among other forms of relief, the plaintiffs seek an award of punitive damages against Mitsubishi under Tennessee law.  The defendants contend that the undisputed facts preclude the plaintiffs from recovering punitive damages.

## SUMMARY JUDGMENT STANDARD

Rule 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2011).  At the summary judgment stage, the moving party bears the initial burden of identifying those parts of the record that demonstrate the absence of any genuine issue of material fact. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  However, if the moving party seeks summary judgment on an issue for which it does not bear the burden of proof at trial, the moving party may meet its burden by showing that there is an absence of evidence to support the non-moving party's case.  *Id.* (citing *Celotex*, 477 U.S. at 325).  "When the moving party has carried this burden, 'its opponent must do more than simply

2

show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).) The non-moving party also may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial. *Id.*

At this stage, "'the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.'" *Moldowan*, 578 F.3d at 374 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "In evaluating the evidence, the court must draw all inferences in the light most favorable to the nonmoving party." *Moldowan*, 578 F.3d at 374 (citing *Matsushita*, 475 U.S. at 587). But "[t]he mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient," *Moldowan*, 578 F.3d at 374 (quoting *Anderson*, 477 U.S. at 252), and the non-movant's proof must be more than "merely colorable." *Anderson*, 477 U.S. at 249. An issue of fact is "genuine" only if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Moldowan*, 578 F.3d at 374 (citing *Matsushita*, 475 U.S. at 587).

## ANALYSIS

### I. Applicable Law

To be entitled to an award of punitive damages, a plaintiff must prove by clear and convincing evidence that the defendant "acted either (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly." *Sanford v. Waugh & Co., Inc.*, 328 S.W.3d 836, 848 (Tenn. 2010) (quoting *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992)); *accord Meals v.*

3

*Ford Motor Co.*, No. W2010-01493-COA-R3-CV, 2012 WL 1264454, at *8 (Tenn. Ct. App. Aug. 15, 2012). The purpose of punitive damages is to punish a defendant, to deter the defendant from committing acts of a similar nature, and to make a public example of the defendant. *Sanford*, 328 S.W.3d at 849. Therefore, punitive damages are available in "cases involving only the most egregious of wrongs." *Hodges*, 833 S.W.2d at 901. "Thus, the Tennessee Supreme Court has reserved punitive damages for conduct that was so reprehensible that it must be both punished and deterred." *Meals*, 2012 WL 1264454, at *8 (citing *Duran v. Hyundai Motor Am., Inc.*, 271 S.W.3d 178, 206 (Tenn. Ct. App. 2008)).

With respect to punitive damages, the Tennessee Supreme Court has articulated the standard for showing that a defendant acted intentionally, fraudulently, maliciously, or recklessly as follows:

> A person acts intentionally when it is the person's conscious objective or desire to engage in the conduct or cause the result. A person acts fraudulently when (1) the person intentionally misrepresents an existing, material fact or produces a false impression, in order to mislead another or to obtain an undue advantage, and (2) another is injured because of reasonable reliance upon that representation. A person acts maliciously when the person is motivated by ill will, hatred, or personal spite. A person acts recklessly when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances.

*Hodges*, 833 S.W.2d at 901 (internal citations omitted). With respect to recklessness, "[w]hile evidence of compliance with government regulations is certainly evidence that a manufacturer was not reckless, it is not dispositive." *Flax v. DaimlerChrysler Corp.*, 272 S.W.3d 521, 536 (Tenn. 2008).

The standard for establishing punitive damages is high:

> Because punitive damages are to be awarded only in the most egregious of cases,

4

> a plaintiff must prove the defendant's intentional, fraudulent, or reckless conduct by clear and convincing evidence. This higher standard of proof is appropriate given the twin purposes of punishment and deterrence: fairness requires that a defendant's wrong be clearly established before punishment, as such, is imposed; awarding punitive damages only in clearly appropriate cases better effects deterrence.

*Id.* In this context, "[c]lear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Id.* at 901 n.3; *accord Flax*, 272 S.W.3d at 531 (Tenn. 2008).

With respect to car crash cases in particular, the defendants have identified several Tennessee cases addressing whether particular factual circumstances could justify a jury verdict in favor of a plaintiff on the issue of punitive damages.[2] Notably, in all of these cases, the trial court permitted the plaintiffs to present evidence at trial concerning punitive damages, before determining whether to issue a directed verdict in favor of the defendants on that issue.

Here, although the plaintiffs' theories of punitive damages liability are not a model of clarity or internal consistency, the court construes the plaintiffs as asserting punitive damages

---

[2]*See Meals*, 2012 WL 1264454, at *8-9 (finding that trial court erred in not granting a directed verdict to defendant on punitive damages issue, but holding that error was harmless, because jury did not ultimately award punitive damages); *Mohr v. DaimlerChrysler Corp.*, No. W2006-01382-COA-R3-CV, 2008 WL 4613584, at *9-*12 (Tenn. Ct. App. Oct. 14, 2008) (finding that punitive damages award against defendant was justified, where, *inter alia*, defendant rushed car into production, knowingly compromised overall passenger safety simply to comply with particular federally mandated crash test to avoid production delays, essentially rigged crash test in order to pass it, and scuttled an internal working group that had expressed frustration with the car's safety platform); *Flax*, 272 S.W.3d at 532 (finding that punitive damages award against defendant car manufacturer was justified, where, *inter alia*, defendant had identified potential safety design flaw decades earlier, received reports of children sustaining injuries due to that design flaw, declined to issue any warnings with respect to that issue, directed employees to destroy minutes of meetings reflecting internal task force's determination that safety design was unacceptable, and fired employee whistleblower who had threatened to inform regulators about his concerns with car's safety design).

theories of recklessness only. Indeed, based on the existing record, the court finds no grounds for for a claim that Mitsubishi acted intentionally, fraudulently, or maliciously.

Based on the existing record, the court is skeptical that the plaintiffs' evidence at trial will be sufficient to justify an award of punitive damages based on recklessness. Nevertheless, the plaintiffs' evidence concerning punitive damages appears to substantially overlap with their evidence concerning product defect, the evidence in this case is remarkably complex, the appropriate conclusions to be drawn from that evidence are highly disputed, and the defendants have not identified any decision in which the trial court prevented the plaintiffs from presenting evidence concerning punitive damages at trial. Given these considerations, the court is reluctant to preclude an award of punitive damages until the plaintiffs have at least had the opportunity to present their evidence on this issue at trial.[3]

However, given the legitimate possibility that the court will grant a directed verdict to Mitsubishi before the issue reaches the jury, the court is concerned that the plaintiffs' opening statements relating to the issue of punitive damages could involve heated rhetoric that might unduly prejudice Mitsubishi with regard to the plaintiffs' compensatory damages claims. Indeed, in *Meals*, the Tennessee Court of Appeals addressed this issue. There, the trial court had refused to grant a directed verdict in favor of the defendant car manufacturer Ford Motor Company on the issue of punitive damages. 2012 WL 1264454, at *4. Although the jury refused to award

---

[3]In their Reply to the Plaintiffs' Statement of Facts, the defendants raise evidentiary objections to several facts relied upon by the plaintiffs. (*See* Defs. Reply to Pltfs. Additional Facts, at Responses 17-19, 23, 24, and 34-36). The court makes no findings at this stage concerning the validity of these objections, to which the plaintiffs have not had the opportunity to respond. To the extent the admissibility of the materials subject to these objections remains in dispute, those issues can be addressed through motions *in limine* in accordance with the operative pre-trial deadlines. (*See* Docket No. 11, Order Setting Case for Trial.)

6

punitive damages, it issued a significant compensatory damages award that Ford believed improperly reflected a desire to punish it. *Id.* at *8-*10. On appeal, Ford argued that "because the trial court did not dismiss the claim for punitive damages, the jury heard inflammatory statements that it never should have," thereby prejudicing it on the compensatory claims. *Id.* at 8 (internal quotation marks omitted). The Tennessee Court of Appeals agreed that the trial court had committed reversible error by refusing to grant the directed verdict, but found that, because the jury did not ultimately award punitive damages and because the compensatory damages award was not unreasonable, the error was not prejudicial. *Id.* at *8-*10. Thus, the *Meals* court essentially engaged in a *post hoc* analysis to determine whether Ford had actually been prejudiced at trial from the inflammatory statements.

Here, unlike the appellate court in *Meals*, this court must address the issue of potential prejudice prospectively. Accordingly, while the court will permit the plaintiffs to present evidence relating to their punitive damages theories at trial, the court will not permit the plaintiffs to argue the issue of punitive damages in their opening statement. If, after the presentation of evidence, the court finds that argument concerning the punitive damages claims is warranted – *i.e.*, that the issue may be submitted to the jury for consideration – the court will permit the plaintiffs to argue the issue of punitive damages at that time.

## **CONCLUSION**

For the reasons stated herein:

- Mitsubishi's Motion for Partial Summary Judgment will be denied;

- The plaintiffs may present evidence at trial supporting their punitive damages claims, but they will not be permitted to make an opening statement or submit argument concerning the issue of punitive damages to the jury without further court order; and

7

- Following the presentation of evidence at trial, the court will address whether the plaintiffs have presented sufficient evidence to withstand a directed verdict on the issue of punitive damages, in which case the court will permit the parties to argue that issue to the jury.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge

8

Case 3:11-cv-00225   Document 69   Filed 10/17/12   Page 8 of 8 PageID #: 1423