IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LIZBETH AGUIRRE and JORGE AGUIRRE, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:11-cv-00225 |
| v. | ) ) | Judge Trauger |
| MITSUBISHI MOTORS NORTH AMERICA, INC. AND MITSUBISHI MOTORS CORPORATION, | ) ) ) ) | JURY DEMAND |
| Defendants. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION *IN LIMINE* NO. 1 TO PRECLUDE EVIDENCE,
TESTIMONY, OR ARGUMENT REGARDING DOCUMENTS
OBTAINED FROM THE NATIONAL AUTOMOTIVE SAMPLING SYSTEM**

COME Defendants MITSUBISHI MOTORS NORTH AMERICA, INC. ("MMNA") and MITSUBISHI MOTORS CORPORATION ("MMC") and offer this Memorandum of Law in support of their Motion *in Limine* No. 1 to Preclude Evidence, Testimony or Argument Regarding Documents obtained from the National Automotive Sampling System, ECF Doc. No. 74.

**INTRODUCTION**

Upon receipt of Plaintiffs' Exhibit List (three days before motions *in limine* were due to be filed), MMC and MMNA learned for the first time that Plaintiffs intend to introduce information regarding seventeen other incidents they apparently collected from the National Highway Traffic Safety Administration's (NHTSA) National Automotive Sampling System

(NASS) database.[1] The NASS database is a sample of motor vehicle accidents, which are obtained from police crash reports, that NHTSA investigates for causal factors.[2] MMC and MMNA anticipate that Plaintiffs will attempt to introduce the NASS data exhibits to prove: 1) the Eclipse is defective; and/or 2) that MMC and MMNA had notice of these defects. Briefly here, and as further detailed below, the Court should exclude these exhibits and prohibit any testimony about the incidents identified in them for three main reasons.

First, though MMNA and MMC have not yet had time to analyze the NASS data in detail, even a cursory review of it reveals that the incidents do not appear to be substantially similar to the accident at issue in this case and, thus, are inadmissible. *See Sparks v. Mena*, 294 S.W.3d 156, 159 (Tenn. Ct. App. 2008). Further, the NASS data contain multiple levels of inadmissible hearsay and constitute inadmissible character evidence. Fed. R. Evid. 404 and 802. Finally, this data is also prejudicial, will confuse the jury, and will result in an undue consumption of time, and should therefore be excluded from evidence. Fed. R. Evid. 401, 402, and 403. Alternatively, if the Court is inclined to permit the introduction of these documents into evidence, MMC and MMNA request that Plaintiffs be required to make a showing of "substantial similarity" in a Rule 104(c) hearing outside the presence of the jury and before they are permitted to present any such evidence.

## ARGUMENT

### I. THE NASS DATA MUST BE EXCLUDED IN THEIR ENTIRETY BECAUSE PLAINTIFFS CANNOT ESTABLISH SUBSTANTIAL SIMLARITY

Trial courts must determine whether other incidents are potentially relevant to the issues in the case. Part (but only part) of that analysis is determining whether the other incidents are

---

1. MMC and MMNA strongly object to the timing of these documents being produced, an issue more thoroughly discussed in Defendants' Motion *in Limine* No. 13 to Exclude Untimely Disclosed Evidence and Expert Opinions.
2. NHTSA maintains a web site at http://www.nhtsa.gov/NASS with a more thorough overview of NASS.

substantially similar so as to provide any meaningful information about the issues the jury must decide.[3]  In doing so, courts must also balance the relevance (if any) against the unfair prejudice caused to the defendant. As discussed below, individual other incidents rarely make the grade, and in particular, the NASS data Plaintiffs intend to offer is not admissible in this case.

Prior to the admission of other incident evidence, a plaintiff must first demonstrate that the other incidents occurred under the same or substantially similar conditions.  *Sparks v. Mena*, 294 S.W.3d 156, 160 (Tenn. Ct. App. 2008).  Absent a showing of substantial similarity, the Court must exclude all evidence concerning other incidents.  Plaintiffs cannot meet that burden here.  Indeed, to satisfy the "substantial similarity" requirement, Plaintiffs would need to demonstrate that the crash dynamics, vehicle speeds, occupant sizes, occupant movements and injury mechanisms are all substantially similar to this particular accident.  Other factors, such as braking and acceleration actions, turning movements, and injuries would also need to be substantially similar.  The proposed NASS exhibits show that Plaintiffs cannot meet that burden.

For instance, some of the vehicles included in the NASS data involve pre-2002 Eclipse vehicles.  As discussed in Defendants' Motion *in Limine* No. 5 to Exclude Evidence Concerning Irrelevant Optional Side Air Bag Design Changes, there were significant design changes made to the Eclipse between Model Year 2001 and Model Year 2002. These changes included the output force of the side airbag inflator and the reduction of the overall size of the airbag.  Thus, many of the NASS documents appear from their face to involve vehicles with a vastly different design

---

3. Because this case is pending in federal court pursuant to diversity jurisdiction under 28 U.S.C. 1332, the Federal Rules of Evidence govern all procedural matters.  Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) and its progeny, however, the Court must apply Tennessee state law for all substantive matters.  Accordingly, Tennessee's substantive law applies to this Motion, in part, to determine whether the NASS documents Plaintiffs seek to introduce are relevant and admissible to establish the existence of a defect, notice, or causation in a product liability case.

from the 2003 Mitsubishi Eclipse at issue in this case (the "Eclipse") and should not be admitted into evidence for that reason.

As another example, many of the accidents in the NASS reports appear to involve only one vehicle, and many involve incidents where the vehicle rolled over. This case involves a two-vehicle side impact, not a single-vehicle rollover accident that has entirely different forces and dynamics than the wreck at issue here. Similarly, some of the accidents appear to involve front and rear end collisions. In short, the differences that exist between the seventeen incidents and the facts of this case are glaringly obvious even after a cursory review. As such, the Court should exclude the NASS documents.

## II.     THE NASS DATA CANNOT SHOW NOTICE

Plaintiffs may also argue that the NASS documents are relevant to establish notice of a defect. This flawed argument improperly presupposes not only that MMC and MMNA had notice of each of these incidents despite the fact that they come from NHTSA's database, not a database maintained by MMC or MMNA, but also that these seventeen incidents are substantially similar to the crash at issue. *Sparks,* 294 S.W.3d at 160. As discussed above, those presuppositions are wrong. Further, the mere fact that an incident happens or an injury occurs while a product is being used does not mean that a product is defective or unreasonably dangerous, or that a defendant was negligent. "As a general rule, an injury in and of itself is not proof of a defect and thereby does not raise any presumption of defectiveness." *Shoemake v. Omniquip Int'l, Inc.*, 152 S.W.3d 567, 573 (Tenn. Ct. App. 2003) (citations omitted) It follows that mere notice of an accident, especially one that is not substantially similar, cannot constitute notice of a defect

Moreover, even if the NASS data could somehow establish notice of a defect, the

notice itself would post-date the sale of the Eclipse because each incident referred to in one of the NASS reports occurred after the September, 2002 sale of the Eclipse. *See* Vehicle Inquiry, Exhibit A to MMC and MMNA's Motion. Tennessee does not recognize any post-sale duties of product manufacturers. *Flax v. DaimlerChrysler Corp.*, 272 S.W.3d 521, 541 (Tenn. 2008) (collecting cases). Accordingly, any purported notice received after the sale of the Eclipse is irrelevant.

### III. THE NASS DATA ARE INADMISSIBLE HEARSAY

In addition, to the extent that Plaintiffs seek to rely on the NASS documents to prove the truth of the statements contained in the reports, the documents are inadmissible hearsay. Fed. R. Evid. 802, 803. While NASS data *may* be an appropriate topic for an expert statistician to testify about, the narrative portions of the NASS reports and the particular facts of the accidents identified therein are hearsay.

MMC and MMNA anticipate that Plaintiffs will nevertheless argue that the proposed NASS exhibits are admissible under the public record exception, Fed. R. Evid. 803(8).[4] They are incorrect. These exhibits contain multiple levels of hearsay that certainly do not come within any hearsay exception. The underlying rationale of the rule precluding the admission of hearsay evidence is clear. The introduction of the NASS documents would preclude Mitsubishi's opportunity to cross-examine the declarants as to the accuracy of the information contained in the NASS reports.

Again, because the NASS data are based on police reports, the NASS documents necessarily contain multiple levels of hearsay and cannot be deemed admissible simply because they may be contained within a public record. *See, e.g.*, *United States v. Mackey*, 117 F.3d 24,

---

4. Also, as a threshold matter, Plaintiffs have not made any showing that the NASS reports they seek to introduce are certified public records and, therefore, the documents lack the adequate foundation, and are inadmissible. See Fed. R. Evid. 803(8) & 901(b)(7).

28–29 (1st Cir. 1997) ("In line with the advisory committee note to Rule 803(8), decisions in this and other circuits squarely hold that hearsay statements by third persons .are not admissible under [Rule 803(8)(c)] merely because they appear within public records.").

Further, under Tennessee law, police reports are expressly excluded from the public record exception to hearsay. *See McBee v. Williams*, 405 S.W.2d 668 (1966), construing T.C.A. § 55-10-114(b). There is good reason for this rule, as there is no way for MMC and MMNA to challenge the particular facts and conclusions contained in the reports. The traffic accident reports are typically prepared based on statements from people involved in the accident, lay witnesses, or by the officers observing the physical evidence at the scene. This information is then interpreted by the officer and his impressions and conclusions are then placed in the traffic accident report. This is classic hearsay within hearsay.

There is undoubtedly much that MMC and MMNA would challenge in the traffic collision reports if the investigating officers, individuals involved in the accidents, and the witnesses were present to testify. However, because those persons will not be in court to proffer testimony regarding the individual, particular accidents, MMC and MMNA would be prevented from challenging the content of the accident reports. Consequently, testimony regarding the accident facts themselves, and thus the NASS reports, should be excluded on this basis alone. As these NASS reports contain multiple layers of hearsay to which no exceptions to the hearsay rule apply, this evidence constitutes inadmissible hearsay and should be excluded.

## IV.     THE NASS DATA ARE INADMISSIBLE CHARACTER EVIDENCE

The NASS data is also not relevant as evidence of MMC or MMNA's character or to prove that MMC and MMNA were careless or indifferent to safety in designing or manufacturing the 2003 Mitsubishi Eclipse. "Evidence of a person's character or a trait of his

6
Case 3:11-cv-00225   Document 75   Filed 11/16/12   Page 6 of 9 PageID #: 1494

character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion . . . ." Fed. R. Evid. 404(a). The Advisory Committee's note to Rule 404 emphasizes that character evidence is inadmissible to prove particular conduct because its probative value is slight and its potential for inducing jury prejudice is great:

> Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

Fed. R. Evid. 404 Advisory Committee Note. The restrictions on the use of character evidence are fully applicable to evidence offered to prove the character of a corporation. *See* Charles A. Wright & Kenneth W. Graham, Federal Practice & Procedure: Evidence 5231.1 at 347 (1992 Supp.).

In this case, it is simply irrelevant that other accidents have occurred that involve the Mitsubishi Eclipse, especially those incidents that are not substantially similar. The fact that other accidents involving an Eclipse have occurred says nothing about the allegations in this case. Any attempt by Plaintiffs to introduce this irrelevant evidence can only be intended to be part of an effort to tarnish the character of MMC and MMNA. Thus, Plaintiffs' anticipated use of the NASS documents is an impermissible use of character evidence and must be excluded.

### V. ADMISSION OF THE NASS DOCUMENTS WOULD VIOLATE RULE 403

Finally, even assuming, *arguendo*, that this Court found that the NASS data have some probative value, it should nevertheless preclude Plaintiffs from introducing such proof into evidence at trial. Evidence of other incidents will confuse, rather than assist, the jurors in performing their duties. Fed. R. Evid. 403. This is because MMC and MMNA will be forced to litigate issues of defect and causation, among others, in each of these other accidents to prove

7

their dissimilarity and irrelevance to the facts of this case. Such "mini-trials" will serve only to obscure the distinction between facts and issues the jury is to decide and the facts and issues presented by these other incidents.

If the Court considers allowing the introduction of these NASS documents, then Mitsubishi requests that the Court establish a procedure for hearing argument and ruling on the admissibility of such evidence outside the presence of the jury. *See Wheeler v. John Deere Co.*, 862 F.2d 1404, 1408 (10th Cir. 1988) (proper for judge to hear foundation for prior incidents in chambers as opposed to in the presence of the jury).

## **CONCLUSION**

For the foregoing reasons, Defendants MITSUBISHI MOTORS CORPORATION and MITSUBISHI MOTORS NORTH AMERICA, INC. respectfully request that this Court enter an order precluding evidence, testimony, or argument regarding the NASS data as identified in Plaintiffs' Exhibit List. Alternatively, Mitsubishi requests that the Court establish, before the start of trial, a procedure for hearing argument and ruling on the foundation and admissibility of such evidence before it is presented and outside the presence of the jury.

Dated this 16th day of November, 2012.

Respectfully Submitted,

LEWIS, KING, KRIEG & WALDROP, P.C.

/s/ Ryan N. Clark
J. Randolph Bibb, Jr., B.P.R. No. 09350
Ryan N. Clark, B.P.R. No. 29105
424 Church Street, Suite 2500
Post Office Box 198615
Nashville, Tennessee 37219
(615) 259-1366 (telephone)
(615) 259-1389 (facsimile)
rbibb@lewisking.com
rclark@lewisking.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the Memorandum of Law in Support of Defendants' Motion *in Limine* No. 1 to Preclude Evidence, Testimony or Argument regarding Data obtained from the National Automotive Sampling System has been served upon the counsel for the parties in interest herein by operation of the Court's electronic case filing system:

Blair Pierson Durham, Esq.
DURHAM & DREAD, PLC
1709 19th Avenue South
Nashville, Tennessee 37212
blair@durhamanddread.com
*Counsel for Plaintiffs*

D. Michael Andrews, Esq.
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36104
(800) 898-2034 (telephone)
(334) 954-7555 (facsimile)
mike_andrews@beasleyallen.com
*Counsel for Plaintiffs*

Dated this 16th day of November, 2012

/s/ Ryan N. Clark
Ryan N. Clark